WRIGHT, J., CONCURRING:
I fully concur with Justice Hughes's well-reasoned opinion; however, I write separately to express a concern. While I acknowledge it was not raised before the Court in this case, it is troubling that offenders may be kicked out of the Sex Offender Treatment Program-and required to serve up to an additional five years' imprisonment-for failing to "accept responsibility" for their sexual convictions. Specifically, Provision # 1 of the treatment contract provides, in pertinent part: "participants must accept total responsibility for all sexual convictions.... Participants who consistently/categorically decline to accept ownership ... may be terminated from treatment." Here, Bailey did not plead guilty at trial. Rather, he maintained his innocence throughout and was convicted. How can we constitutionally require someone to choose between admitting to a crime and going back to prison? This amounts to a five-year sentence for remaining silent. These, however, are not the grounds for Bailey's appeal. Keller, J., joins.